USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-29-12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

JAHLIL BROWN,
    a/k/a "Jahlil Bennett,"
    a/k/a "Jolly,"

                                 Petitioner,              12 Civ. 1295 (PKC)
                                                              04 Cr. 801 (PKC)

        -against-

                                                                      MEMORANDUM
                                                                      AND ORDER

UNITED STATES OF AMERICA,

                                 Defendant.
-----------------------------------------------------------x

P. KEVIN CASTEL, District Judge

        Petitioner Jahlil Brown, who is proceeding pro se, has filed a petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, asserting that he was denied the effective assistance of counsel in violation of the Sixth Amendment. For the reasons set forth below, the petition is denied.

BACKGROUND

        In a superseding information (the "Information"), the government charged petitioner with one count of participating in a conspiracy to distribute, and possess with intent to distribute, 50 kilograms and more of marijuana, in violation of 21 U.S.C. § 846. (Information at 2.) The government alleged that, in furtherance of the conspiracy, petitioner and others possessed firearms while awaiting the arrival of two individuals he and his co-conspirators intended to murder. (Id., ¶ 3a.)

        On October 10, 2008, the petitioner pleaded guilty to the Information, pursuant to a written plea agreement with the government. (Opp. Mem., Ex. D.) Under the plea agreement,

petitioner stipulated that he would not appeal or file a habeas petition if sentenced to a term of imprisonment of 240 months, the statutory maximum which served to cap the otherwise applicable guideline range. (Id., Ex. C at 4.) Petitioner was sentenced principally to a term of 240 months' imprisonment.

Despite the terms of the plea agreement, petitioner appealed his sentence to the United States Court of Appeals for the Second Circuit. The appeal was dismissed based upon the petitioner's knowing and voluntary waiver of his appellate rights at his plea allocution. United States v. Brown, 09-2926-Cr. (2d Cir. Nov. 15, 2010) (order).

On February 17, 2012, petitioner filed this section 2255 action, asserting he was denied effective assistance of counsel and that his sentence, therefore, should be vacated.

DISCUSSION

A knowing and voluntary waiver of the right to collaterally attack a sentence is valid and enforceable and forecloses a section 2255 motion. See Garcia-Santos v. United States, 273 F.3d 506, 508-09 (2d Cir. 2001). Here, the plea agreement (Plea Agreement, dated Oct. 9, 2008 at 4.) reflects such a waiver. At the plea allocution and in response to questioning by the Court, Brown expressed his understanding of the waiver provision. (Oct. 10, 2008, Tr. 14.) ("You have waived your right to appeal or collaterally attack a sentence at 240 months' imprisonment or below 240 months imprisonment.")

The waiver in the plea agreement, however, does not foreclose a movant from asserting that his counsel was ineffective in failing to challenge the entry of a plea of guilty if, for example, it did not comply with Rule 11, Fed. R. Crim. P. See Frederick v. Warden, Lewisburg Corr. Facility, 308 F.3d 192, 195-96 (2d Cir. 2002); United Stated v. Hernandez, 242

2

F.3d 110, 113-14 (2d Cir. 2001); and Muniz v. United States, 360 F. Supp. 2d 574, 577 (S.D.N.Y. 2005). Here, Brown's motion, generously read, asserts that his counsel was ineffective in the process by which he entered into the plea agreement and that the plea allocution was defective and his counsel was ineffective in failing to raise the deficiencies.

For a section 2255 motion alleging ineffective assistance of counsel to succeed, the defendant first must overcome a presumption of effective representation by presenting evidence that counsel's performance fell below an objective standard of reasonableness based on prevailing professional norms. Strickland v. Washington, 466 U.S. 668, 688-90 (1984). In reviewing counsel's conduct, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id at 689. Second, the defendant must prove prejudice by showing a "reasonable probability" that but for counsel's performance, the result would have been different. Id at 694.

A. Petitioner's claim that counsel was ineffective because purportedly counsel failed to inform petitioner of government's decision not to seek death penalty.

Petitioner's first claim is that his counsel was ineffective in the course of negotiating the plea agreement because counsel failed to inform him that the government had decided not to seek the death penalty against him. (Pet. Mem. at 4, 17.)

In response to the motion, Bobbi C. Sternheim, Esq., one of petitioner's attorneys, has submitted a declaration in which she states that she "discussed with [petitioner] the nature of the charges, the death penalty authorization process, the evidence against him and the various options he had . . . . After [petitioner] learned that the government would not seek the death penalty, [petitioner] expressed his desire for a plea offer." (Opp. Mem. Ex. E at ¶ 5, 6.) She also states that "[a]t no time after informing [petitioner] that the government would not seek the death

3

penalty did I tell [petitioner] that if he chose to go to trial he faced the possibility of the death penalty." (Opp. Mem. Ex. E at ¶ 11.)

Kelley J. Sharkey, Esq., petitioner's other attorney, also declares under penalty of perjury that petitioner was aware that the government would not seek the death penalty against him. Specifically, she states that petitioner "was apprised of all developments in the case including the decision that the government decided not to seek the death penalty." (Opp. Mem. Ex. F at ¶ 6.)

In contrast, petitioner filed a declaration stating that he was never informed of the government's decision not to seek the death penalty. (Pet. Mem. at 38.) Brown, in his declaration, states that he "felt defenseless as neither of [his] appointed attorneys were willing to advocate [his] case at trial . . . ." (Id.) But, at his plea allocution, petitioner stated that he discussed the charges against him with Ms. Sternheim, that he had enough time to consider all of his options and that he was satisfied with his counsel. (Opp. Mem. Ex. D at 7.)

When a petitioner's claim "involve[s] a generic claim . . . based solely on his own highly self-serving and improbable assertions" and when counsel provides "detailed description of events [that are] eminently credible," courts may dispose of section 2255 motions without an evidentiary hearing, even if there is conflicting testimony. Chang v. United States, 250 F.3d 79, 86 (2d Cir. 2001). In this case, petitioner provides no evidence other than his bald assertions that counsel never informed him of the government's decision not to seek the death penalty. The declarations from each of petitioner's counsel, which state that defendant was made aware of the government's decision not to seek the death penalty, are detailed and credible.

Thus, given the lack of evidence to support petitioner's claim, other than his own self-serving assertions, an evidentiary hearing is not necessary and petitioner fails to overcome

the strong presumption that counsel's conduct falls within the range of reasonable professional assistance. Therefore, petitioner does not satisfy the first element of an ineffective assistance of counsel claim.

Moreover, even assuming petitioner had satisfied the first element, this section 2255 motion would still fail because petitioner has not demonstrated prejudice. Although petitioner states in his complaint that he would have rejected the plea offer and gone to trial but for counsel's alleged ineffective advice, (Pet. Mem. at 22.), his affidavit suggests otherwise.

In his affidavit, petitioner states

> I still wanted to go to trial since I was not part of any conspiracy or killings. Attorney Sternheim urged me to consider pleading guilty . . . . Attorney Sternheim said that going to trial was not an option because of the evidence the government had against me and that I would not win . . . .
> (Pet. Mem. at 38.)

These statements suggest that petitioner pleaded guilty because the case against him was so strong that his attorneys were confident that he would lose at trial, not because the death penalty could be imposed at trial. Thus, petitioner has not demonstrated a "reasonable probability" that he would have rejected the plea agreement. See Strickland, 466 U.S. at 694.

Petitioner has failed to establish either elements of his ineffective assistance claim.

    B. Petitioner claims that counsel was ineffective because counsel failed to inform <u>petitioner that the overt act was an element of the crime</u>.

Petitioner also claims that his plea agreement was not knowingly, intelligently and voluntarily made because, as he alleges, counsel did not inform him that the overt act was an essential element of the charged conspiracy. (Pet. Mem. at 5.) This claim fails because the overt

5

act is not an essential element of the charged crime. Petitioner was charged with conspiring to distribute marijuana, the elements of which are that: (1) a conspiracy existed to violate the narcotics laws of the United States; (2) the defendant knowingly became a member of that conspiracy; and (3) the conspiracy involved 50 kilograms and more of mixtures and substances containing marijuana. 21 U.S.C. § 846; 21 U.S.C. 841; United States v. Santos, 541 F.3d 63, 70 (2d Cir. 2008). Proof of an overt act is not an element. See United States v. Shabani, 513 U.S. 10, 11 (1994) (holding that the drug conspiracy statute, 21 U.S.C. § 846, does not require proof of an overt act in furtherance of the conspiracy). Moreover, at his plea allocution, the government, at the Court's request, recited the elements of the crime which did not include proving an overt act. (Oct. 10 2008, Tr. at 14.) Petitioner admits that he was aware that the overt act was a "sentencing factor." (Pet. Mem. at 18.) Therefore, petitioner was correctly advised with regard to the need to prove an overt act, making this ineffective assistance claim baseless.

CONCLUSION

The Petition is DENIED. The Clerk is directed to enter judgment for the respondent (12 Civ. 1295) and to terminate the Petition. (04 Cr. 901, Entry of 6/26/11.)

Petitioner has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appealability will not issue. 28 U.S.C. § 2253; see Lozada v. United States, 107 F.3d 1011, 1016-17 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997). This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and in forma pauperis status is denied. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: New York, New York
       June 29, 2012

                                                P. Kevin Castel
                                       United States District Judge